# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCUS CARDER, | ) | |
| Plaintiff, | ) | Civil Action No. 13-349Erie |
| | ) | |
| v. | ) | District Judge Motz |
| | ) | |
| MAJOR GARY SEYMOUR, et al, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that the motion to dismiss [ECF No. 23] be granted. The Clerk of Courts should be directed to close this case.

**II.   REPORT**

**A.  Relevant Procedural History**

This civil action was filed in this Court on December 5, 2013. Plaintiff, an inmate presently in state custody, alleges that his civil rights were violated by Defendants while he was housed at the Erie County Prison. Plaintiff opened this case by filing only a motion for preliminary injunction without a complaint. Listed as Defendants on the motion for preliminary injunction are: Major Gary Seymour; Warden Kevin Sutter; Deputy Warden Michael Holman; Captain Carmen; Counselor Terry Roberts; Inmate Services Monica Carroll, Sgt. John Kendziora; and Correctional Officer Douglas Patterson.

In his initial filing seeking preliminary injunctive relief, Plaintiff argued that these named Erie County Prison officials were:

> Retaliating against me and harassing me and threatening me with physical violence and excessive force to discourage and hinder me from pursuing this civil action and [illegible] al their official oppression and violations of censorship and extremely limited mail, phone and visit privileges, inadequate medical care, interference with practicing my religions, and corpal [sic] punishment and violations of slavery and labor laws, inadequate food, all the brutality and sexual harassment [illegible] going on and taking place here at the Erie County Prison they are violating our federal rights and constitutional rights! And I need the Judge or the district Judge Susan Paradise Baxter to please court order these corrupt prisons officials to issue ad process the inmate grievances! Because they are refusing to provide grievances to hinder the inmates from exhausting our administrative remedies to stop us from filing civil suits concerning all their constitutional violations towards the inmates here at the prison! And denying us grievances to exhaust our remedies! Grievances are a constitutional and federal law violation! And I'm asking and requesting that the Judge court order these following Erie County Prison officials to stop all the harassment and retaliation, threatening and hindering me and all other inmates from filing grievances!

ECF No. 1.

At a telephonic hearing held February 10, 2014, Plaintiff was ordered to file a complaint at this civil action number before February 20, 2014, or risk dismissal of his case. ECF No. 2. By Text Order dated February 25, 2014, the case was dismissed due to Plaintiff's failure to file a complaint.

By Order dated March 4, 2014, this Court explained that it had received "Plaintiff's correspondence dated February 28, 2014, which the Clerk of Courts has docketed as a Response to the Order closing this case. Plaintiff complains that this case should not have been closed. Any requested relief must be in the form of a motion. Plaintiff may re-open this case by filing a complaint, but, to date, no complaint has been received by the Clerk of Courts." See Text Order dated March 4, 2014.

Thereafter, Plaintiff filed a motion for preliminary injunction/temporary restraining order. ECF No. 4. By a telephonic hearing held on March 24, 2014, Plaintiff was directed to file an Amended Complaint at this civil action number consolidating all of his claims (from several other recently filed civil actions). ECF No. 11. Complaint forms were sent to Plaintiff and he was directed to file the Amended Complaint within twenty days of the hearing.

On April 17, 2014, Plaintiff filed Motion to Reopen Case, along with a document this Court liberally construed as his proposed Amended Complaint. ECF No. 12. The motion to reopen was granted and the Clerk of Courts was directed to file the proposed Amended Complaint. ECF No. 14.

In response to the Amended Complaint, Defendants filed a motion to dismiss arguing that Plaintiff has failed to state a claim upon which relief could be granted. See ECF No. 24. Despite being given the opportunity to do so, Plaintiff has not filed any brief in opposition to the pending dispositive motion.

### B. Standards of Review

#### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read

"with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a

court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### C. Plaintiff's Claims

Plaintiff's legal claims revolve around his inability to use the grievance system at Erie County Prison. Plaintiff alleges that these named prison officials either refused to provide him with grievance forms or that they interfered with or hindered his ability to file grievances to complain about various unspecified aspects of prison life. In his Amended Complaint, Plaintiff lists twelve prior civil actions by other inmates against the Erie County Prison or its officials as support for his allegation that Erie County Prison has a "long history and pattern" of hindrance with the grievance system. Plaintiff claims that he would not be allowed to file lawsuits about these underlying unspecified aspects of prison life without first exhausting his administrative remedies.

Plaintiff alludes to "corruption of sexual harassment, excessive force, ethnic intimidation and official oppression and the racial discrimination and so forth" at Erie County Prison. However, Plaintiff provides no factual allegations upon which to base such claims. Additionally, Plaintiff claims that Erie County Prison's failure to hire a grievance coordinator and/or its designation of Counselor Terry Roberts as the "substitute grievance coordinator" has resulted in the violation of Plaintiff's constitutional rights.

Plaintiff's supposition that he would not be allowed to file a civil action (based upon the underlying unspecified aspects of prison life at Erie County Prison) without first exhausting such a complaint through the Erie County Prison's grievance procedure is only partially correct. While the Prison Litigation Reform Act requires exhaustion of the administrative remedies prior to filing a civil action in federal district court, case law provides that interference with an inmate's attempts at exhaustion of that claim may impact the availability of the administrative remedy process within the meaning of 42 U.S.C. § 1997e. See Mitchell v. Horn, 318 F.3d 523,

529 (3d Cir. 2003) ("A grievance procedure is not available even if one exists on paper if the defendant prison officials somehow prevent a prisoner from using it."); McKinney v. Guthrie, 2009 WL 274159, at *1 (3d Cir. 2009) ("[A]n administrative remedy may be unavailable if a prisoner is prevented by prison authorities from pursuing the prison grievance process."). Courts routinely deny motions to dismiss based upon failure to exhaust when an inmate declares that his use of the grievance system has been thwarted in some way.

It is well established that inmates do not have an **independent** constitutionally protected right to a prison grievance system. Freeman v. Dep't of Corr., 447 Fed.App'x 385, 387 (3d Cir. 2011); Burnside v. Moser, 138 Fed.App'x 414, 415 (3d Cir. 2005) ("state grievance procedure does not confer any substantive constitutional rights upon prison inmates."). Whether Defendants denied Plaintiff the grievance process altogether or whether they hindered his use of the process does not rise to an **independent** cognizable constitutional claim. See Heleva v. Kramer, 214 Fed.App'x, 214 244, 247 (3d Cir. 2007) citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).

The motion to dismiss should be granted.

III.  **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the motion to dismiss [ECF No. 23] be granted. The Clerk of Courts should be directed to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond

thereto.  See Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                                              /s/ Susan Paradise Baxter  
                                                              SUSAN PARADISE BAXTER  
                                                              United States Magistrate Judge

Dated:  December 30, 2014